

1

2

3

4

5

6

7

8  [Attorney Information Listed on Next Page]

9  **UNITED STATES DISTRICT COURT**

10  **NORTHERN DISTRICT OF CALIFORNIA**

11  DOREEN EICHELBERGER AND          **Case No. _____**
    FELIPE MONTELLANO,
12  individually and on behalf of all      **CLASS ACTION COMPLAINT**
13  others similarly situated,             **FOR:**

14                    Plaintiffs,          **(1) FAILURE TO REIMBURSE**
15                                         **    EMPLOYEES FOR REQUIRED**
16  v.                                     **    BUSINESS EXPENSES [Cal.**
                                           **    Labor Code § 2802];**
17  HOME DEPOT U.S.A., INC., a
18  Delaware Corporation, and DOES 1       **(2) UNFAIR BUSINESS**
    THROUGH 100                            **    PRACTICES [Cal. Bus. & Prof.**
19                    Defendants           **    Code §§17200, et seq.];**

20
                                           **(3) PRIVATE ATTORNEY**
21                                         **    GENERALS ACT CLAIM**
22                                         **    UNDER LABOR CODE**
23                                         **    SECTION 2699 et seq.; AND**

24                                         **(4) DEMAND FOR JURY TRIAL**
25

26

27

28

1

**ACKERMANN & TILAJEF, P.C.**

2

Craig J. Ackermann, Esq. (State Bar No. 229832)

3

1180 South Beverly Drive, Suite 610
Los Angeles, California 90035

4

Telephone: (310) 277-0614
Facsimile: (310) 277-0635

5

cja@ackermanntilajef.com

6

7

**MICHAEL MALK, ESQ., APC**
Michael Malk, Esq. (State Bar No. 222366)

8

1180 South Beverly Drive, Suite 610

9

Los Angeles, California 90035
Telephone: (310) 203-0016

10

Facsimile:  (310) 499-5210

11

mm@malklawfirm.com

12

**UNITED EMPLOYEES LAW GROUP, P.C.**

13

Walter Haines, Esq. (State Bar No. 71075)

14

65 Pine Avenue, #312
Long Beach, CA 90802

15

Telephone: (562) 256-1047

16

Fax: (562) 256-1006

17

18

ATTORNEYS FOR PLAINTIFFS

19

DOREEN EICHELBERGER AND FELIPE MONTELLANO

20

21

22

23

24

25

26

27

28

Plaintiffs Doreen Eichelberger ("Plaintiff Eichelberger") and Felipe Montellano ("Plaintiff Montellano") (collectively "Plaintiffs"), individually and on behalf of all those similarly situated, by and through their counsel, bring this Class Action Complaint ("Complaint") against Defendant Home Depot U.S.A., Inc., and Does 1 through 100 (Defendant Home Depot U.S.A., Inc. and Does 1 through 100 shall collectively be referred to as "Defendants" and/or "Home Depot") on personal knowledge with respect to themselves and their own acts, and on information and belief as to other matters, allege as follows:

## I. NATURE OF ACTION

1. Plaintiffs bring this action on behalf of themselves, on behalf of the California general public, and as a class action on behalf of Defendants' Department Managers and Supervisors in California who were employed by Home Depot from November 4, 15, 2009 through the conclusion of this action (the "Class Period") for failure to reimburse employees for business-related expenses incurred when Defendants' Department Managers and Supervisors in California travelled in their own personal vehicles on behalf of Defendants to Defendants' other store locations to perform INTERSTORE INVENTORY TRANSFERS (referred to herein as "ISITs"), i.e., transporting inventory between stores and/or retrieving items from other

*Plaintiffs' Class Action Complaint*

stores in order to restock their shelves in advance of walk-through visits by Vice Presidents and/or District Managers.

## II. JURISDICTION AND VENUE

2. Jurisdiction of this Court is proper under diversity jurisdiction and the Class Action Fairness Act of 2005 ("CAFA"). The Court has jurisdiction of this case pursuant 28 U.S.C. §§1332(a) and the Class Action Fairness Act of 2005, 28 U.S.C. 1332(d), 1453 and 1711-1715 in that the number of members of the proposed plaintiffs' class in the aggregate exceeds 5,000 individuals, Plaintiff s are citizens of the state (California) different than Defendant (Delaware), and the amount in controversy exceeds $5,000,000.00 exclusive of costs and interest. Defendant Home Depot is within the jurisdiction of this Court. Defendant Home Depot transacts millions of dollars of business in the State of California. Thus, Defendant Home Depot has obtained the benefits of the laws of the State of California and is subject to personal jurisdiction by this court. Plaintiffs are citizens of the state of California and therefore subject to personal jurisdiction in this court.

3. Venue is also proper in this district under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Plaintiff

*Plaintiffs' Class Action Complaint*

Eichelberger's claims, as well as the course of conduct charged herein,

occurred in this Alameda County within this District and this Division.

## III. THE PARTIES

4. Plaintiff Eichelberger, who at all relevant times referenced herein, resided in Oakland, California, is a former employee of Defendants. From approximately1999 through December 4, 2012, Plaintiff Eichelberger worked in Defendants' retail location at 3838 Hollis Street, Emeryville, California. Until 2010, Plaintiff Eichelberger worked as a front end supervisor and was promoted to Contractor Services Supervisor in 2011.

5. Plaintiff Eichelberger, as part of her job duties, travelled in her personal vehicle from her home store to Defendants other store locations to perform ISITs and retrieve business supplies e.g. copier paper and journals. Plaintiff Eichelberger also used her personal vehicle to go to the Department of Building and Safety to acquire necessary permits on behalf of Defendants. Defendants had actual and or constructive notice that such travel was being performed without reimbursement since Plaintiff Eichelberger was required to acquire the general manager's signature for the application of permits. Furthermore, the general manager authorized the purchase of these permits without reimbursement for the travel necessary in order to facilitate the

*Plaintiffs' Class Action Complaint*

purchase of these permits. Plaintiff Eichelberger was not reimbursed for all her business-related expenses in the form of mileage and vehicle wear and tear even though management knew or should have known that she was incurring business-related expenses on behalf of Defendants.

6. Plaintiff Montellano, who at all relevant times referenced herein, resided in Los Angeles, California, is a former employee of Defendants. From approximately March 18, 2010 through December 2010, Plaintiff Montellano worked as a building and lumber associate at the Home Depot store located at 5600 Sunset Blvd., Hollywood, California. From around December 2010 through February 2012, Plaintiff Montellano worked as a Department Supervisor/Manager for the Electrical Department at the Home Depot store located at 3020 E. Slauson Avenue, Huntington Park, California.

7. As a Department Supervisor, Plaintiff Montellano regularly used his personal vehicle to transfer Defendants' products and supplies from one Home Depot location to another and, as a result, he incurred expenses in the form of unpaid fuel costs and vehicle wear and tear. He was never reimbursed for these business related expenses, although Defendants had notice that Plaintiff Montellano and Defendants' other Department Supervisors in California were incurring mileage expenses since movement

*Plaintiffs' Class Action Complaint*

1
2

of inventory was documented in Defendants' computer system as the inventory moved from store to store.

3
4
5
6
7
8
9
10

8. Upon information and belief, Defendant Home Depot is a Delaware Corporation doing business in California by operating numerous locations throughout the state. Its headquarters and principal place of business is 2455 Paces Ferry Road, N.W., Atlanta, Georgia 30339. Defendants employed Plaintiffs and similarly situated persons as Department Supervisors in California.

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

9. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as DOES 1 to 100, inclusive, are currently unknown to Plaintiffs, who therefore sue Defendants by such fictitious names under Code of Civil Procedure §474.  Plaintiffs are informed and believe, and based thereon allege, that each of the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein.  Plaintiffs will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known. Defendant Home Depot and Does 1-100 shall collectively be referred to as "Defendants."

27
28

10. Plaintiffs are informed and believe, and based thereon allege, that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants. Furthermore, Defendants in all respects acted as the employer and/or joint employer of Plaintiffs and the proposed class.

11. Throughout the Class Period, Defendants employed more than 5,000 employees as Department Supervisors in California who performed ISITs on behalf of Defendants without receiving reimbursements for their mileage-related expenses and vehicle wear and tear.

## IV. CLASS ACTION ALLEGATIONS

12. Plaintiffs bring this case as a class action pursuant to Fed. R. Civ. P. Rule 23(b)(3) on behalf of a class consisting of:

**All current and former Department Supervisors, Managers and all similarly titled employees employed by Defendant Home Depot USA, Inc. in the State of California (hereafter "Class Members") from November 4, 2009 through the present (the "Class Period").**

13. Numerosity.  Plaintiffs believe there are more than 5,000 current and former employees in the Class. Given Defendants' systemic failure to comply with

California laws outlined in this action, the members of the Class are so numerous that joinder of all members is impractical.

14. <u>Typicality</u>.  Plaintiffs' claims are typical of the claims of the members of the Class, because all Class Members are or were employees of Defendants who sustained damages arising out of Defendants' failure to reimburse employees for all mileage expenses incurred while performing ISITs in their personal vehicles and/or mileage expenses incurred while attending off-site meetings, such as supervisor meetings and/or training meetings.

15. <u>Adequacy of Representation</u>. Plaintiffs will fairly and adequately represent the interests of the Class. Plaintiffs have no conflict of interest with any member of the Class. Plaintiffs have retained counsel competent and experienced in complex class action litigation with sufficient financial resources to litigate this case through class certification and trial.

16. <u>Predominance of Common Issues</u>.  Common questions of law and fact exist as to all members of the Class, and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to Plaintiffs and the Class are:

  a. Whether Defendants have a policy or practice of not reimbursing Class Members for the mileage expenses they incurred driving their

own vehicles for work related purposes, including inter-store

transfers, and/or off-site training meetings for Class Members;

b. Whether Defendants violated Labor Code §2802 and the applicable

IWC Wage Order by failing to reimburse Class Members for their

out-of- pocket expenses incurred for the use of personal vehicles in

the discharge of their job duties;

c. Whether Defendants violated §17200 et seq. of the Business &

Professions Code by failing to provide reimbursement of all mileage-

related expenses to Class Members employed in California from

November 4,  2009 through the present;

d. Whether Plaintiffs and other similarly situated aggrieved employees

are entitled to recover penalties under California's Private Attorney

Generals Act of 2004, Labor Code section 2699 et seq. based on

Defendants failure to reimburse Class Members for their mileage-

related expenses incurred while performing ISITs, and/or while

attending off-site training meetings at other store locations; and

e. Whether Plaintiffs and the members of the proposed class are entitled

to equitable relief pursuant to Business & Professions Code §17200,

et seq.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

17. Class action treatment is superior to any alternative to ensure the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without duplication of effort and expense that numerous individuals would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The Class members are readily identifiable from Defendants' employee rosters and/or payroll records.[1]

18. Defendants' actions are generally applicable to the entire Class. Prosecution of separate actions by individual members of the Class creates the risk of inconsistent or varying adjudications of the issues presented herein, which, in turn, would establish incompatible standards of conduct for Defendants.

19. Because joinder of all members is impractical, a class action is superior to other available methods for the fair and efficient adjudication of this

---

[1] Under California law, Defendants must keep payroll records for all employees for at least two years. See, Cal. Labor Code §1174(d). Under federal law, Defendants must generally keep payroll records for at least three years. See, 29 C.F.R. Part 516 et seq.

*Plaintiffs' Class Action Complaint*

controversy. Furthermore, the amounts at stake for many members of the Class, while substantial, may not be sufficient to enable them to maintain separate suits against Defendants.

## V. **FACTUAL ALLEGATIONS**

20. Plaintiffs repeat and re-allege each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

21. Labor Code §2802 requires employers to indemnify employees for all necessary expenditures incurred by employees in the discharge of their duties.

22. Plaintiffs and other members of the Class were employed as Store Department Supervisors and Managers in California by Defendants at various times during the Class Period. At any one time during the Class Period, Defendants employed thousands of full-time Store Department Supervisors in its different departments (i.e., Appliances, Bath and Faucets, Building Materials, Contractor Services, Décor, Doors and Windows, Electrical, Flooring, Front-End, Kitchen, Lighting and Ceiling Fans, Lumber and Composites, Outdoors, Paint, Plumbing, Storage & Organization, Tools and Hardware) at its approximately 231 locations in California.

23. At all relevant times herein, Plaintiffs and Class Members utilized their own vehicles on a regular basis (with a frequency of approximately three to four

*Plaintiffs' Class Action Complaint*

times per week) to travel between the stores at which Plaintiffs and Class Members were based and Defendants' other locations to perform ISITs and attend meetings, on behalf of Defendants. Plaintiff Montellano and Class Members, as part of their job duties, were required to ensure that their departments' shelves were stocked to achieve a 100% in-stock supply. Moreover, Plaintiffs and Class Members were required to spend hours driving to other Home Depot stores to retrieve merchandise so that they were sufficiently stocked for the "walk-throughs" performed by Defendants' Vice-Presidents and/or District Managers, who visit each location a few times per week to ensure that each department has enough stock. Plaintiff Eichelberger and Class Members were required on a regular basis to use their own personal vehicle to travel between Defendants' retail locations to fulfill the large specific individual orders for the Contractor Services department.

24. Plaintiffs and Class Members used Defendants' computer system to locate items at other of Defendants' nearby locations. Regardless of whether or not ISITS were performed at the store closest to each supervisor's home store location, all Class Members performed ISITs without mileage reimbursement. When retrieving items from other stores prior to "walk-throughs", Plaintiffs and other Class Members routinely drove around for

hours in their personal vehicles and gathered twenty or more items from several other Home Depot stores prior to returning to their home store at the end of their scheduled shifts. Based on documentation given to Plaintiffs and Class Members, including lists of products that needed to be re-supplied as well as computerized inventory database information about the ISITs, Home Depot knew or should have known that Department Managers and Supervisors were routinely traveling in their personal vehicles to other stores to re-stock their Home Stores without submitting reimbursement requests and/or without receiving reimbursement for their significant mileage expenses incurred in making these trips.

25. Once the missing items were located in Defendants' computer system, the Class Member performing the ISIT typically called Defendants' pick-up location to verify that the merchandise was in stock. In addition, Plaintiffs and the Class Members utilized inventory scan guns to input information necessary about the merchandise being transferred to perform an ISIT.

26. Home Depot's inter-store transfers were documented in Interstore Reports that were generated from information inputted through Home Depot's computer system, "My Apron," including the date of the transfer, the item or product needed, the quantity needed, the name of the approving manager for the transfer, the store number for the sending store location, the store

*Plaintiffs' Class Action Complaint*

number for the receiving store location, and the employee ID number. Through the Interstore Reports, Bills of Lading approved by Defendants' Store Managers, and also through their computer database information, Defendants were aware that Plaintiffs and the Class Members were routinely performing ISITs. Defendants were also aware that that these ISITs were being done with Class Members' personal vehicles since Defendants only maintained one truck per region for use in connection with ISITs. In fact, in the Los Angeles Region, Plaintiff Montellano's home store region, there are about 13 stores and only one truck designated for inter-store transfers. The trucks were only used for extraordinarily large items, and Defendants did not provide any other vehicles for employees to use to perform these ISITs. The truck assigned to Plaintiff Montellano's region was only available for a limited time in the morning at 8:00 a.m. In the Alameda region where Plaintiff Eichelberger worked, there was a single small pickup truck assigned to each store. However, Plaintiff Eichelberger was not able to use the small pickup truck to travel between Defendants' retail locations because Defendants had prioritized that the pickup truck be available for rental by customers between the hours of 6 A.M. and 9 P.M. If the truck was not rented, then it was available for Defendants' employees. Yet, the pickup truck's return was not predictable, and it was regularly out all day by a

*Plaintiffs' Class Action Complaint*

single employee which resulted in Plaintiff Eichelberger and Class Members needing to use their own personal vehicles to travel between Defendants' stores for which they were not reimbursed.

27. Defendants' uniform computer system generated a Bill of Lading at the pick-up location to prepare the item for transfer prompting users for information about the ISIT, and using the merchandise information from the scan guns. As noted, at least three to four times per week, the Store Managers at each Home Depot location sent Plaintiffs and other Class Members in their personal vehicles to retrieve Defendants' merchandise from Defendants' other locations and signed paperwork instructing Department Managers to retrieve these items thereby providing actual or constructive knowledge to Best Buy that Class Members had incurred or would incur necessary business-related mileage expenses. Additional paperwork accompanied the inventory items to the Class Members' home stores where a Store Manager used his password on the My Apron system to confirm that the transfer was complete, and verified that Defendants' merchandise was received at the employee's home store.

28. In addition to incurring mileage-related expenses performing ISITs, Plaintiffs and Class Members were required to use their personal vehicles to travel between the stores at which Plaintiffs and Class Members were based

*Plaintiffs' Class Action Complaint*

and Defendants' other locations to replenish vital business supplies, as the inventory of these necessary business items became low or even completely depleted in the home stores of Plaintiffs and the Class Members. If the supplies were not available at Defendants' other retail locations, Plaintiff and Class Members traveled to other local businesses to acquire these critical items. Plaintiffs and Class Members were compelled to use their personal vehicles to retrieve these supplies from Defendants' other stores and local businesses because there was no imminent delivery of corporate supplies, yet these supplies were essential to continue to transact business on behalf of Defendants. Defendants failed to reimburse Plaintiffs and Class Members for these incurred business related expenses despite their actual and/or constructive knowledge that Plaintiffs and Class Members were using their personal vehicles for these trips and thus incurring expenses for fuel and vehicle wear and tear.

29. Plaintiffs and Class Members also regularly attended off-site meetings and/or trainings (i.e., electrical trainings, certification, vendor meetings, and store meetings) at other Home Depot store locations, and traveled from their home stores to and from such training meetings in their personal vehicles without receiving any reimbursements for mileage expenses and vehicle wear and tear. Because Defendants did not provide transportation for

*Plaintiffs' Class Action Complaint*

Plaintiffs and Class Members to attend these meetings, and Defendants scheduled these meetings immediately before or after shifts so that Plaintiffs and Class Members had to travel either from their store to the meetings, or from the meetings to their home stores, Defendants knew or should have known that Class Members were regularly using their personal vehicle to travel to, and attend training meetings, yet Defendant's policy and practice was not to reimburse Class Members for the mileage-related expenses they incurred in using their personal vehicles to attend these off-site training meetings.

30. At times, Plaintiffs and some Class Members requested that Defendants reimburse these mileage expenses for traveling between their home stores and other stores for ISITs and meetings and/or vice-versa, but Defendants denied these requests. [2],[3]

_____

[2] For instance, Plaintiff Montellano asked Jose Ramos, Defendant Home Depot's Assistant Manager, for mileage reimbursement for his numerous trips to other Home Depot locations to retrieve items for stocking in his home store, but Mr. Ramos denied Plaintiff Montellano's request for mileage reimbursement for these ISITs. Specifically, Mr. Ramos told Plaintiff Montellano that he (Mr. Ramos) did not have enough funds in his PNL (i.e. a monetary fund assigned to each store for expenses) to pay out reimbursements for those trips. Each time that Plaintiff Montellano asked for his mileage reimbursement for ISITs, he always got the same response: there are not enough funds in the PNL.

[3] Plaintiff Eichelberger regularly filled out paperwork in order to request mileage reimbursement from her General Manager. However, Plaintiff Eichelberger did not

*Plaintiffs' Class Action Complaint*

31. Defendants' District Managers and Vice Presidents who were aware that Plaintiffs and Class Members were using their personal vehicle for ISITs, did not advise Plaintiff and other Class Members to request mileage reimbursement for ISITs and/or for their mileage-related expenses associated with their attendance at off-site training meetings.

32. Through Defendants' policies and failure to properly train Plaintiffs and Class Members in reimbursement practices, and through Defendants' failure to affirmatively reimburse Plaintiffs and Class Members for their personal mileage expenses which Defendants knew or should have known that Plaintiffs and Class Members necessarily incurred during the performance of the job duties of Plaintiffs and Class Members, Defendants required and/or permitted Plaintiffs and the Class Members to bear the burden of paying for the use of their personal vehicles on behalf of Defendants without reimbursement.

33. As a result, Defendants are liable to Plaintiffs and the Class Members for the amounts expended by Plaintiffs and the Class Members in fuel expenses and vehicle wear and tear, plus interest, penalties, and attorneys' fees and costs pursuant to Labor Code §§ 2802, and 2699, et seq.

---

see evidence of payment of the requested reimbursement amounts in her itemized wage statements.

# VI. CAUSES OF ACTION

## FIRST CAUSE OF ACTION

## FAILURE TO REIMBURSE FOR EXPENSES

### [Calif. Labor Code §2802]

34. Plaintiffs re-allege and incorporate by reference the information set forth in all preceding paragraphs, as though fully set forth and alleged herein.

35. Labor Code §2802 requires employers to indemnify employees for all necessary expenditures incurred by employees in the discharge of their duties.

36. At all relevant times herein, Defendants knew or should have known that Plaintiffs and the Class Members were using their personal vehicles for ISITs, and/or to attend off-site training meetings, but failed to indemnify Plaintiffs and Class Members for their business-related expenses incurred therein in accordance with Labor Code §2802. During the Class Period, Defendants maintained a practice of not reimbursing employees for the mileage expenses they incurred driving their own vehicles for work related purposes, i.e., for ISITs and to attend trainings and meetings at other Home Depot store locations.

37. As a result of Defendants' conduct, Plaintiffs and the Class Members suffered damages in an amount, subject to proof, to the extent they were not

*Plaintiffs' Class Action Complaint*

reimbursed for all the mileage expenses they incurred driving their own vehicles for work related purposes.

38. Pursuant to Labor Code §2802, Plaintiffs and Class Members are entitled to recover the full amount of their un-reimbursed business expenses, reasonable attorney's fees and costs of suit.

## SECOND CAUSE OF ACTION

## UNFAIR/UNLAWFUL BUSINESS PRACTICES

### [Cal. Bus. & Prof. Code §§17200, et seq.]

39. Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

40. Section 17200 of the California Business & Professions Code prohibits any unlawful, unfair, or fraudulent business practices.

41. Wage and hour laws express fundamental public policy. Providing employees with proper reimbursement of expenses is a fundamental public policy of this State and of the United States. Labor Code §90.5(a) articulates the public policies of this State to enforce vigorously minimum labor standards, to ensure that employees are not required or permitted to work under substandard and unlawful conditions, and to protect law-abiding employers and their employees from competitors who lower their standards.

*Plaintiffs' Class Action Complaint*

Page 21 of 27

42. Defendants have violated statutes and public policy. Through the conduct alleged in this Complaint, Defendants, and each of them, have acted contrary to public policy, have violated Section 2802 of the Labor Code, and have engaged in other unlawful and unfair business practices in violation of Business & Professions Code §17200, et seq., depriving Plaintiffs, others similarly situated, and all interested persons of rights, benefits, and privileges guaranteed to all employees under law.

43. Defendants, by engaging in the conduct herein alleged, either knew or in the exercise of reasonable care should have known that the conduct was unlawful. As such it is a violation of §17200 et seq. of the Business & Professions Code.

44. As a proximate result of the above-mentioned acts of Defendants, Plaintiffs and others similarly situated have been damaged in a sum as may be proven.

45. Pursuant to Business and Professions Code §17203, Plaintiffs and the Class Members are entitled to restitution of monies rightfully belonging to them for business related expenses that Defendants failed to reimburse and wrongfully retained by means of its unlawful and unfair business practices.

///

///

///

*Plaintiffs' Class Action Complaint*

### THIRD CAUSE OF ACTION

## PRIVATE ATTORNEY GENERAL ACT CLAIMS
## FOR PENALTIES, ATTORNEYS' FEES AND COSTS
## [CAL. LABOR CODE §§ 2698, 2699, et seq.]

46. Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

47. Under the Labor Code Private Attorneys General Act of 2004 ("PAGA"), Labor Code Sections 2698-99, et seq., private parties may recover civil penalties for violations of the California Labor Code and applicable IWC Wage Orders. These penalties are in addition to any other relief available under the Labor Code and the applicable IWC Wage Order.

48. As set forth above, Defendants have committed violations of the California Labor Code and applicable IWC Wage Orders, and are entitled to civil penalties. Plaintiffs and the Class Members are entitled to civil penalties based on Defendants' failure to affirmatively reimburse them for their necessary business related expenses incurred in connection with their job duties in accordance with Labor Code §2802.

49. Section 2699.3(a)(1) of the Labor Code provides that, prior to bringing suit, an aggrieved employee "shall give written notice by certified mail to the Labor and Workforce Development Agency ("LWDA") and the employer of

the specific provisions of this code alleged to have been violated, including the facts and theories to support the alleged violation." Pursuant to Labor Code § 2699.3, on November 20, 2012, Plaintiff Montellano gave notice to the Labor and Workforce Development Agency and Home Depot of the specified Labor Code provisions alleged to have been violated herein. Labor Code § 2699.3 (2) (a) requires the LWDA to notify the employee or representative within 30 calendar days of the date of the PAGA notice that it does not intend to investigate. Upon receipt of the notice or if no notice is received within 33 calendar days of the PAGA notice, the aggrieved employee can pursue a civil action in court and/or pursue the PAGA claim in an existing lawsuit. Accordingly, as of December 23, 2012, all administrative prerequisites to the pursuit of Plaintiff Montellano's PAGA claim herein were satisfied.

50. Under PAGA, Plaintiffs and the Class Members are entitled to recover the maximum civil penalties permitted by law from Defendants for its violations of the California Labor Code and the applicable California IWC Wage Order, for each pay period during which a violation of Section 2802 of the Labor Code occurred, as alleged in this Complaint. Plaintiffs and members of the Class are also entitled to recover their attorneys' fees and costs under Labor Code Section § 2699.

*Plaintiffs' Class Action Complaint*

## VII. DEMAND FOR JURY TRIAL

51. Plaintiffs hereby demand trial by jury on their individual and class-wide claims stated herein against Defendants.

## VIII. PRAYER FOR RELIEF

52. WHEREFORE, Plaintiffs, on behalf of themselves and the members of the Class, pray for judgment against Defendants as follows:

An Order than this action may proceed and be maintained as a class action on behalf of the Class;

a) On the First Cause of Action:

    (1) A declaratory judgment that Defendants violated California Labor Code Section §2802;

    (2) Compensatory damages in the amount of Plaintiffs' and the Class Members' out of pocket expenses and/or reimbursement of monies incurred while performing Defendants' business related duties plus interests, costs and attorney's fees to the fullest extent allowable under the law; and

    (3) An award to Plaintiffs and the Class Members for their attorneys' fees and costs of suit to the extent permitted by law, including, but not limited to, Cal. Code of Civil Procedure §2802(c).

b)     On the Second Cause of Action:

    (1)     A declaratory judgment that Defendants violated California

           Business and Professions Code §17200;

    (2)     Restitution of the amounts due for unpaid mileage

           reimbursements due for necessary mileage-related expenses

           incurred by Plaintiffs and the Class Members, including, but

           not limited to, the relief permitted pursuant to Labor Code

           §2802; and

c)     On the Third Cause of Action

    (1)     A civil penalty against Defendants in the amount of $100 for

           the initial violation and $200 for each subsequent violation as

           specified in Labor Code §2699(f)(2) based on Defendants'

           violation of Labor Code §2802;

    (2)     All penalties available under the Labor Code Private Attorneys

           General Act of 2004;

    (3)     An award of reasonable attorneys' fees against Defendants as

           specified in Labor Code §2699(g)(1), for all the work

           performed by the undersigned counsel in connection with the

           PAGA claims; and

*Plaintiffs' Class Action Complaint*

(4)    An award of all costs incurred by the undersigned counsel for

Plaintiffs in connection with Plaintiff Montellano's and the

Class Members' PAGA claim against Defendants, as provided

for in Labor Code § 2699(g)(1);

d)    Award of prejudgment and post judgment interest;

e)    An award providing for payment of costs of suit; and

f)    For all other relief as this Court deems proper.

Dated: January $\frac{1\sqrt{}}{}$, 2013        Respectfully submitted,

ACKERMANN & TILAJEF, P.C.
MICHAEL MALK, ESQ., APC
UNITED EMPLOYEES LAW GROUP, P.C.

By:

Michael Malk
Attorneys for Plaintiffs and the Class

*Plaintiffs' Class Action Complaint*