1  CRAIG J. ACKERMANN (SBN 229832)
   ACKERMANN & TILAJEF, P.C.
2  1180 South Beverly Drive, Suite 610
   Los Angeles, CA 90035
3  Telephone:   310-277-0614
   Facsimile:    310-277-0635
4  cja@ackermanntilajef.com

5  Attorneys for plaintiffs Doreen Eichelberger,
   Felipe Montellano, and the putative class
6
7  *(Additional counsel listed on next page)*

8  DONNA M. MEZIAS (SBN 111902)
   LIZ K. BERTKO (SBN 268128)
9  dmezias@akingump.com
   lbertko@akingump.com
10 AKIN GUMP STRAUSS HAUER & FELD LLP
   580 California Street, Suite 1500
11 San Francisco, California 94104
   Telephone:    415-765-9500
12 Facsimile:    415-765-9501

13 Attorneys for defendant HOME DEPOT U.S.A., INC.

14

15              UNITED STATES DISTRICT COURT

16            NORTHERN DISTRICT OF CALIFORNIA

17

18 DOREEN EICHELBERGER AND          Case No.  4:13-cv-00260-PJH
   FELIPE MONTELLANO,
19 individually and on behalf of all   REVISED [~~PROPOSED~~] ORDER
   others similarly situated,          GRANTING PRELIMINARY
20                                     APPROVAL OF CLASS ACTION
                                       SETTLEMENT
21 Plaintiffs,

22 v.                                  Judge:   Hon. Phyllis J. Hamilton
                                       Date:     March 26, 2014
23 HOME DEPOT U.S.A., INC., a          Time:     9:00 a.m.
   Delaware corporation, and DOES 1    Courtroom:  3
24 through 100

25
           Defendants.
26

27

28

1

2   MICHAEL MALK (SBN 222366)
    MICHAEL MALK, APC
3   1180 South Beverly Drive, Suite 610
    Los Angeles, CA 90035
4   Telephone:   310-203-0016
    Facsimile:    310-499-5210
5   mm@malklawfirm.com
6

7   WALTER HAINES (SBN 71075)
    UNITED EMPLOYEES LAW GROUP, P.C.
8   65 Pine Avenue, #312
    Long Beach, CA 90802
9   Telephone:   562-256-1047
    Facsimile:    562-256-1006
10  walter@whaines.com
11

12
13  Attorneys for plaintiffs Doreen Eichelberger,
    Felipe Montellano, and the putative class
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## ORDER

On March 26, 2014, the parties' Joint Motion for Preliminary Approval of Class Action Settlement, filed by Plaintiffs Doreen Eichelberger and Felipe Montellano ("Class Representatives" or "Plaintiffs") came on regularly in Courtroom 3 of the above captioned court, Hon. Phyllis J. Hamilton, presiding.

This Court, having fully received and considered the parties' notice of motion; supporting memorandum of points and authorities; the declarations of Craig J. Ackermann, Doreen Eichelberger, Donna Mezias, and Felipe Montellano; the Settlement Agreement, Class Notice, and Claim Form; the procedure to be excluded from and/or to object to the settlement; and the oral argument presented to the Court; and in recognition of the Court's duty to make a preliminary determination as to the reasonableness of any proposed class action settlement, and to conduct a fairness hearing as to good faith, fairness, adequacy, and reasonableness of any proposed settlement, HEREBY ORDERS and MAKES DETERMINATIONS as follows:

Plaintiffs and their counsel filed this class action lawsuit alleging that Home Depot, U.S.A., Inc. ("Defendant") failed to reimburse its department supervisors for the use of their personal vehicles for business-related purposes and for gas mileage when they performed transfers of products between stores, as well as for other business-related tasks. Plaintiffs also alleged on a class basis that the foregoing violated California's Unfair Competition Law, Business and Professions Code §§17200, et seq. and triggered penalties under California's Private Attorney Generals Act, Labor Code §§ 2699 *et seq.*

On January 18, 2013, Plaintiffs filed their Class Action Complaint in this Court. On February 25, 2013, Defendant filed an Answer denying Plaintiffs' claims and asserting numerous affirmative defenses.

After conducting formal and informal discovery and negotiating at arm's length, Plaintiffs and Defendant have arrived at what the Court finds to be a fair and equitable settlement of all claims encompassed by Plaintiff's Complaint.

Plaintiffs and Defendant have agreed to the entry of a Joint Stipulation of Class Action Settlement and Release ("Settlement Agreement"), attached as Exhibit 1 to the Declaration of Craig Ackermann, filed in support of the Motion for Preliminary Approval. Defendant continues to deny all allegations contained in Plaintiffs' Complaint. Defendant has contended that it at all times had in place a lawful reimbursement policy and a system for submitting reimbursement requests.

Plaintiffs have moved this Court to (1) provisionally certify a settlement class; (2) preliminarily approve the Settlement Agreement; (3) direct distribution to the class of a proposed Class Notice and Claim Form (collectively the proposed "Settlement Documents"); and (4) set a hearing date for final approval of the settlement. Defendant does not oppose this motion for purposes of settlement, but reserves all rights and defenses with respect to the litigation.

## ORDER CONDITIONALLY CERTIFYING SETTLEMENT CLASS AND APPOINTING CLASS REPRESENTATIVES AND CLASS COUNSEL

The Court finds that under Federal Rules of Civil Procedure, Rule 23(b)(3), and related case law, provisional certification of the following class is appropriate for settlement purposes: "All persons who worked for Home Depot as a department supervisor in California between November 4, 2009 and April 2, 2014."

The Court finds that the Settlement Class meets the numerosity requirement of Rule 23(a)(1) because it consists of approximately 7,280 Class Members who have been identified through Defendant's records. The commonality requirement of Rule 23(a)(2) is also met because there are issues of law and fact common to the Class, such as whether Defendant's California supervisors and managers were reimbursed for the use of their vehicle for business-related purposes. In the absence of class certification and settlement, each individual Class Member would be forced to litigate the same core common

issues of law and fact. Because Plaintiffs' and the Settlement Class Members' claims all arise from the same events and course of conduct, and are based on the same legal theories, the typicality requirement of Rule 23(a)(3) is also satisfied. The adequacy of representation requirement set forth in Rule 23(a)(4) is also met here because the Class Representatives have the same interests as all members of the Settlement Class, and are represented by experienced and competent counsel.

Pursuant to Rule 23(b)(3),  the Court further finds that common issues predominate over individual issues in the litigation and that class treatment is superior to other means of resolving the instant dispute. Employing the class device here will not only achieve economies of scale for Class Members with relatively small individual claims, but will also conserve the resources of the judicial system by avoiding the waste and delay of repetitive proceedings, and prevent the inconsistent adjudications of similar issues and claims.

The Court finds that Class Representatives Doreen Eichelberger and Felipe Montellano are adequate class representatives and appoint them as such.

Pursuant to Federal Rules of Civil Procedure Rule 23(g), the Court finds that Plaintiffs' Counsel Craig Ackermann (Ackermann & Tilajef, P.C.), Michael Malk (Michael Malk, APC), and Walter Haines (United Employees Law Group, P.C.) have adequately represented the Settlement Class and are adequate Class Counsel. Specifically, they have sufficiently identified and investigated the potential claims in this matter; have presented evidence to the Court of their experience in handling other wage and hour class actions; have demonstrated knowledge of the applicable law; and have allocated sufficient resources to represent the class. Accordingly, pursuant to Rule 23(g)(1), Ackermann & Tilajef, P.C.; Michael Malk, APC; and United Employees Law Group, P.C. are hereby appointed as Class Counsel.

The Court recognizes that certification under this Order, including the various Rule 23 findings above, is for settlement purposes only, and shall not be construed as an admission by Defendant that this action is appropriate for class

1   treatment for litigation purposes. Entry of this Order is without prejudice to the

2   rights of Defendant to oppose class certification in this action, and/or to seek

3   decertification or modification of the Settlement Class should the proposed

4   Settlement Agreement not be granted final approval. Defendant admits no

5   liability in entering into this settlement and has contended at all times that it

6   maintains and has maintained a lawful reimbursement policy and practices

7   thereunder. This Order is intended to enforce the terms of the Parties' Settlement

8   Agreement.

9   **<u>PRELIMINARY APPROVAL OF THE SETTLEMENT AGREEMENT</u>**

10          The Court has reviewed the Settlement Agreement and the proposed Class

11   Notice and Claim Form, which are attached as Exhibits A and B to this Order.

12   The Court finds, on a preliminary basis, that the Settlement Agreement falls

13   within the range of reasonableness of a settlement that could ultimately be given

14   final approval by this Court. The Court also finds, on a preliminary basis, that the

15   Settlement Agreement appears to be the product of intensive, non-collusive,

16   arm's length negotiations between well-informed counsel, and is thus

17   presumptively valid. It appears to the Court on a preliminary basis that the

18   maximum settlement fund amount of $375,000 ("Maximum Settlement Amount"

19   or "MSA")[1] is fair and reasonable to all Settlement Class Members when

20   balanced against the probable outcome of further litigation relating to liability

21   and damages issues. It further appears that extensive and costly investigation and

22   research have been conducted such that the parties' counsel are able to

23   reasonably evaluate their respective positions at this time.  Also, settlement will

24   avoid additional substantial costs beyond those which have already been incurred

25

26

27   _____

28   [1]This is a claims made settlement. Unclaimed funds, if any, will be re-allocated to the
     Qualified Claimants. As a result, a Qualified Claimant's actual settlement payment will likely
     exceed the Estimated Payment.

by both parties, as well the delay and risks that would be presented by further prosecution of the litigation.

For the reasons set forth herein, the Court therefore preliminarily and conditionally approves the Settlement, including: (1) Plaintiffs' right to seek the proposed Incentive Award for Plaintiffs Doreen Eichelberger and Felipe Montellano of up to $10,000 each, in addition to their pro rata share of the settlement fund pursuant to their return of a valid claim form; (2) Plaintiffs' right to seek proposed attorneys' fees of up to 30 percent ($112,500.00) of the Maximum Settlement Amount, and reimbursement for reasonable actual costs incurred; and (3) payment of reasonable settlement administration costs of no more than $30,000 from the MSA, provided the number of filed claims does not exceed 2,000. Pursuant to Rule 23(g)(4) and Rule 54(d)(2), Plaintiffs' counsel will file a Motion for Approval of Incentive Awards for Plaintiffs and Attorneys' Fees and Costs in connection with and to be heard at the same time as the Final Fairness Hearing regarding the settlement.

## APPROVAL OF DISTRIBUTION OF THE CLASS NOTICE

This Court finds that the Class Notice and Claim Form (attached as Exhibits A and B to this Order) fairly and adequately advise Class Members of the terms of the proposed settlement, the formula that will be used to compute their pro rata allocation of the settlement, and their opportunity to appear at the Fairness Hearing to be conducted on the date set forth below. The Court further finds that the Class Notice and proposed distribution of such notice by first class mail to each identified Settlement Class Member at his or her last known address comports with all constitutional requirements, including those of due process and Fed. R. Civ. P. 23(c)(2)(B), is the best notice practicable under the circumstances.

The Court confirms the selection of Gilardi & Co. LLC, as the Claims Administrator, the reasonable costs of which will be paid from the MSA.

1  Accordingly, good cause appearing, the Court hereby approves the proposed
2  Class Notice and related materials for distribution. Furthermore, the Court
3  hereby approves and adopts the following settlement approval schedule:
4

| April 17, 2014 | Deadline for Defendant to provide Class Member List containing the last-known address of Class Members to the Claims Administrator. Stip. at ¶ B.3. |
| May 2, 2014 | Claims Administrator shall input Class Member information and mail Settlement Documents. Stip. at ¶ B.4. Claims Administrator will use available databases in an effort to locate settlement class members whose notice was returned as undeliverable and will conduct a single re-mailing of the notice to those class members. *Id.* at ¶ B.5. |
| June 16, 2014 | Deadline for Class Members to file a Request for Exclusion from the settlement. Stip. at ¶B.6. |
| June 17, 2014 | Class Counsel shall file a Motion for Attorneys' Fees and Costs. Stip. at ¶ F.2. |
| June 26, 2014 | Deadline for Defendant to void Stipulation of Settlement and Release if 20 or more of eligible settlement participants opt-out of Settlement. Stip. at ¶ B.8. |
| July 1, 2014 | Deadline for Class Members to challenge Defendant's employment data. Stip. at ¶ E.3. |
| July 1, 2014 | Deadline for Class Members to submit a Claim Form. Stip. at ¶ B.5. |
| July 1, 2014 | Deadline for Class Members' objections to the settlement to be filed with the District Court. Stip. at ¶B.7. |

| July 30, 2014, 9:00 a.m. | Final Approval Hearing Date |
|---|---|
| Effective Date | The date after the appeal period for the order granting final approval has expired (i.e., 30 days after the final approval order is entered) or, if an appeal is filed, the date after any such appeal is completed and the appeal has resulted in an affirmance of the order granting final approval. Stip. at ¶ C.2. |
| Within 15 days after the Effective Date | Claims Administrator shall distribute the amounts for Class Counsel's court-approved attorneys' fees and costs. Stip. at ¶ D.5. |
| No later than 20 days after the Effective Date | Deadline for Defendant to transfer $375,000 to Claims Administrator. Stip. at ¶ E.3. |
| No later than 20 days after the Effective Date | Deadline for Claims Administrator to provide Defendant with a final list of Qualified Claimants. Stip. at ¶ E.3. |
| Within 50 days after the Effective Date | Claims Administrator shall mail out Final Payments to Qualified Claimants. Stip. at ¶ E.4. |
| Within 60 days after the Effective Date | The parties will return or confirm the destruction of any confidential information. Stip. at ¶ G.9. |

## FINAL APPROVAL AND FAIRNESS HEARING

The Court hereby grants the Plaintiff's motion to set a fairness hearing for final approval of the Settlement Agreement on July 30, 2014, at 9:00 a.m. in Courtroom 3 of this Court. Pursuant to Federal Rule of Civil Procedure 23(e)(5), members of the Settlement Class may object to the terms of the settlement. Members of the Settlement Class who object to the proposed settlement may appear and present such objections at the Fairness Hearing in person or by counsel, provided that any objecting Settlement Class Members submit a written

1    statement containing the name and address of the objecting Settlement Class
2    Member and the basis of that person's objections, together with a notice of the
3    intention to appear, if appropriate, which must be filed with the Court no later
4    than July 1, 2014. No person shall be heard, and no briefs or papers shall be
5    received or considered, unless the foregoing documents have been filed and
6    served as provided in this Order, except as this Court may permit for good cause
7    shown.
8            Class Counsel shall file a memorandum of points and authorities in
9    support of a joint or unopposed motion for final approval of the Settlement
10   Agreement no later than 21days before the Final Approval Hearing.
11
12
13   Dated: April 2, 2014    _____



14   HON. PHYLLIS J. HAMILTON
15   UNITED STATES DISTRICT COURT JUDGE
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOREEN EICHELBERGER AND FELIPE MONTELLANO, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HOME DEPOT U.S.A., INC., a Delaware corporation, and DOES 1 through 100<br><br>Defendants. | Case No. C 13 0260 PJH<br><br>[Assigned to Hon. Phyllis J. Hamilton]<br><br>NOTICE OF CLASS ACTION SETTLEMENT AND SETTLEMENT HEARING |

TO:   All persons who worked for Home Depot U.S.A., Inc. as a department supervisor in California between November 4, 2009 and April 2, 2014.

THIS NOTICE AFFECTS YOUR RIGHTS.
PLEASE READ IT CAREFULLY.

As a potential class member in a settlement reached with Home Depot, you may be entitled to receive a settlement payment.  Alternatively, you have the right to opt out or object to the settlement.  If you do not file a claim, opt out, or object, you will not receive a settlement payment, but you will be bound by the terms of the settlement, including a release of mileage reimbursement claims against Home Depot.  Please read this entire notice carefully to learn about the settlement and the procedures to file a claim, opt out, or object.

Important Dates:

| | |
|---|---|
| June 16, 2014 | Deadline to request to opt out of the settlement |
| July 1, 2014 | Deadline to submit a claim |
| July 1, 2014 | Deadline to object to the settlement |
| July 30, 2014 | Date of court hearing regarding final approval of settlement |

1.      YOU ARE HEREBY NOTIFIED that a proposed settlement (the "settlement") of the above-captioned class action (the "action") pending in the United States District Court for the Northern District of California has been reached by the parties and has been granted preliminary approval by the Court supervising the action.  The proposed settlement will resolve all claims relating to mileage reimbursements in this action (discussed further below).  The Court has ordered that this notice be sent to you because you may be a member of the class.  The purpose of this notice is to inform you of the settlement of this action and your legal rights under the settlement.  You must file a claim form that is postmarked by July 1, 2014 to participate in the

settlement.  If you fail to file a timely claim form, you will receive nothing under the settlement, but you will be bound by its terms.

## SUMMARY OF LITIGATION

2.     On January 18, 2013, plaintiffs Doreen Eichelberger and Felipe Montellano filed a class action complaint captioned *Doreen Eichelberger and Felipe Montellano, individually and on behalf of all others similarly situated v. Home Depot U.S.A., Inc., a Delaware corporation* in the United States District Court for the Northern District of California.  Plaintiffs allege that they and other members of the class were not reimbursed for certain vehicle-related expenses incurred while conducting work-related assignments using personal vehicles.

3.     The action alleges violations of the California Labor Code, the California Business and Professions Code, and the California Labor Code Private Attorneys General Act of 2004 ("PAGA").  The action seeks damages for unpaid expense reimbursements, interest, penalties, and attorney's fees and expenses.

4.     After discovery and an exchange of relevant information, the parties reached a settlement, the terms of which are generally summarized in this Notice.

5.     You have received this Notice because Home Depot's records show you are a potential class member and your rights may be affected by this settlement.

## POSITIONS OF THE PARTIES

6.     Home Depot denies the claims in the action and denies any wrongdoing or legal liability in this matter and believes that it has valid defenses to plaintiffs' claims.  Neither the settlement nor any action taken to implement the settlement can be construed as or may be used as an admission or concession by or against Home Depot of any fault, wrongdoing, or liability.

7.     Counsel for the plaintiffs ("Class Counsel") have conducted significant investigation of the facts and law including obtaining information pursuant to discovery and interviews of potential witnesses and putative class members, investigation of the applicable law as applied to the facts, Home Depot's defenses, and the damages claimed by plaintiffs.

8.     Plaintiffs and Class Counsel have considered the expense and length of continued litigation necessary to continue this action through trial and possible appeals.  Plaintiffs and Class Counsel have also taken into account the uncertainty and risk of the outcome of further litigation, the difficulties and delays inherent in such litigation, including those involved in class certification, the burdens of proof necessary to prove liability for the claims asserted in the action, Home Depot's defenses, and the difficulties in proving plaintiffs' damages, and have considered the settlement negotiations conducted by the parties and the recommendations of the mediator, who is highly experienced in employment litigation.  Based on the foregoing,

plaintiffs and Class Counsel have determined that the settlement is fair, adequate, and reasonable, and is in the best interests of the class.

9.     Home Depot has also investigated and researched the facts and circumstances underlying the issues raised in the action and the applicable law.  Home Depot believes it has meritorious defenses to the action, but has concluded that the further defense of this action would be lengthy and expensive for all parties.  Therefore, Home Depot has agreed to settle this action in the manner and upon the terms set forth in the proposed Settlement Agreement.

10.    The Court has made no ruling on the merits of the asserted claims and has determined only that certification of the class for settlement purposes is appropriate under California law.

PRELIMINARY APPROVAL OF THE SETTLEMENT

11.    On March 26, 2014, the Court held a Preliminary Approval Hearing to consider the Settlement Agreement.  On April 2, 2014, the Court entered an order preliminarily approving the settlement and certifying for settlement purposes only a class consisting of all persons who worked for Home Depot U.S.A., Inc. as a department supervisor in California between November 4, 2009 and April 2, 2014 ("class period").

12.    At the Preliminary Approval Hearing, the Court appointed the following attorneys to represent the settlement class:

| | | |
|---|---|---|
| Craig J. Ackerman | Walter Haines | Michael Malk |
| Ackermann & Tilajef, P.C. | United Employees Law | Michael Malk, APC |
| 1180 South Beverly Drive, | Group, P.C. | 1180 South Beverly Drive, |
| Suite 610 | 65 Pine Avenue, #312 | Suite 610 |
| Los Angeles, CA  90035 | Long Beach, CA 90802 | Long Beach, CA 90035 |
| Telephone: (310) 277-0614 | Telephone: (562) 256-1047 | Telephone: (310) 203-0016 |

13.    If you are a member of the class, you will be bound by the settlement if it is finally approved, unless you make a written request for exclusion ("opt-out") in the manner described below.

SUMMARY OF SETTLEMENT TERMS

14.    <u>Settlement Amounts.</u>  The Agreement provides that Home Depot will pay $375,000 ("settlement fund") to resolve all claims in the action.  This amount includes all amounts to be paid as attorney's fees, interest, costs, settlement payments, statutory and civil penalties, taxes, settlement administration expenses, and named plaintiff enhancements.  This is the maximum amount Home Depot is obligated to pay under the settlement.  The amount to be distributed to settlement class members who submit a timely and valid claim form and do not opt-out of the settlement will be reduced by the following deductions.

3

(a)   <u>Deductions</u>.  The following deductions will be made from the settlement fund:

(i)   <u>Settlement Administrator Costs</u>.  The Court has tentatively approved a payment of no more than $30,000 to the settlement administrator, Gilardi & Co. LLC, for costs to notify the class of preliminary approval and process claims, provided the number of filed claims does not exceed 2,000.  If the number of filed claims exceeds 2,000, the settlement administrator has agreed to charge a reduced rate per claim, which will be paid from the settlement fund.

(ii)   <u>Attorney's Fees and Expenses</u>.  The Court has appointed Ackermann & Tilajef, P.C, United Employees Law Group, P.C., and Michael Malk, APC as counsel for the class.  Class Counsel has been prosecuting the action on behalf of the class on a contingency fee basis (that is, without being paid to date) while advancing litigation costs and expenses.  The Agreement provides that Class Counsel may request from the Court payment not to exceed 30 percent of the settlement fund for attorney's fees and an additional request for recovery of reasonable litigation expenses.  The amount approved will constitute full compensation for all legal fees and expenses of counsel in the action, including any work they do in the future.  Class members are not personally responsible for any fees or expenses.

(iii)   <u>Incentive Award to Named Plaintiffs</u>.  Class Counsel will also seek an enhancement payment not to exceed $10,000 for each of the two named plaintiffs for acting as the representatives on behalf of the class.

(iv)   <u>PAGA Payment</u>.  The parties agree to allocate $8,000 from the settlement fund to the settlement of claims brought pursuant to section 2699 of the California Labor Code.  In compliance with section 2699(i) of the California Labor Code, 75 percent of that amount will be paid to the California Labor Workforce and Development Agency within two weeks after the effective date.  The remaining 25 percent will remain part of the settlement fund.

(b)   <u>Payment to Class Members:  Plan of Allocation</u>.  Settlement payments will be determined as follows:  The net settlement fund (i.e., the $375,000 settlement fund, less the deductions in Section 14(a), above) will be distributed to each settlement class member who submits a timely and complete claim form based on a percentage calculated by dividing the total number of weeks worked by the settlement class member as a department supervisor in California from November 4, 2009 through April 2, 2014, by the total weeks worked by settlement class members who submit valid claim forms as department supervisors in California from November 4, 2009 through April 2, 2014(the "settlement share").  The payment for each member of the settlement class is then determined by multiplying his or her settlement share by the net settlement fund.  Payments will be made only to settlement class members who submit timely and complete claim forms.  In calculating the settlement share for each individual settlement class member, defendant's records regarding the employment tenure of settlement class members will be presumed to be correct.  Only full weeks will be counted.

4

(c)     Tax Matters.  The amounts distributed to each eligible settlement class member will be allocated in each instance as follows:  two thirds to wages and one third to interest.  The settlement administrator will issue a Form W-2 to all class members who will receive settlement payments at the time and in the manner required by the Internal Revenue Code of 1986 and consistent with the Agreement for the portion of each payment attributable to wages and Form 1099 for the portion attributable to interest.  If the Internal Revenue Code, relevant regulations, or other applicable tax laws change after the effective date of the settlement, the processes set forth in this subsection may be modified in a manner to ensure compliance with any such changes.  The settlement administrator will include a Form W-9 with the claim form.  Each class member will be solely responsible for paying any taxes (federal, state, or local) owed as a result of any payments received under the Agreement.  Each class member agrees to indemnify and hold Home Depot harmless from all liability regarding any tax or other obligations owed by such individual class members under the Agreement.  If a class member submits a timely and valid claim form, but fails to negotiate his or her settlement check within 180 days after receipt of the check, the settlement administrator will forward 50 percent of the amount to a *cy pres* charitable organization designated by plaintiffs and 50 percent to a *cy pres* charitable organization designated by Home Depot.

15.     Release.  If approved by the Court, the settlement will be binding on all members of the settlement class and will bar any class member who does not timely opt out of the settlement from bringing certain claims against Home Depot described below.  After final approval by the Court, the settlement fully and finally releases and discharges Home Depot, its prior and present subsidiaries and affiliates, and their respective prior and present predecessors, successors, assigns, representatives, officers, directors, agents, and employees (collectively "Home Depot") from any and all claims and rights that the settlement class may have, whether now known or unknown, suspected or unsuspected, as of the date an order is entered preliminarily approving the settlement, including all claims alleged in plaintiffs' Complaint for violations of section 2802 of the California Labor Code, section 17200, *et seq.* of the California Business and Professions Code, and the California Labor Code Private Attorneys General Act of 2004 ("PAGA"), and/or that could have been alleged by plaintiffs based upon the facts and circumstances asserted in their Complaint, including all claims for attorney's fees, costs, penalties, and interest from November 2009 through the date the Court enters an order finally approving the settlement (collectively the "released claims").

In addition, class members who do not opt out of the settlement will waive any and all rights and benefits under section 1542 of the California Civil Code with respect to the released claims, which states as follows:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Thus, subject to and in accordance with the provisions of the Agreement, even if the settlement class members may hereafter discover facts in addition to or different from those which they now know or believe to be true with respect to any or all of the released claims (including unknown claims), each plaintiff and class member will be deemed by operation of the judgment to have, fully, finally, and forever released, relinquished, resolved, discharged, and settled any and all of the released claims (including unknown claims), suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or have existed upon any theory of law or equity now existing or coming into existence in the future, including but not limited to conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts.

16.    <u>Condition of Settlement</u>.  This settlement is conditioned upon the Court entering an order at or following the final approval hearing approving the settlement as fair, reasonable, adequate, and in the best interests of the settlement class.

<u>PROCEDURE FOR SEEKING MONETARY RECOVERY</u>

17.    If you want to participate in and receive money under the settlement, you must sign and date the enclosed claim form and mail the completed claim form postmarked by July 1, 2014 to the settlement administrator at the following address.

<u>Home Depot Mileage Reimbursement Settlement</u>
c/o Gilardi & Co. LLC
P.O. Box 1110
Corte Madera, CA 94976-1110
Telephone: (877) 261-5521

A copy of your claim form is enclosed.  (If you need an extra copy, contact the settlement administrator at the address or telephone number above).  If any information provided on the claim form is incorrect other than the number of weeks worked as a department supervisor for Home Depot in California during the relevant period, please make corrections.  For example, if your address is incorrect, please provide your correct address.  Please provide your telephone number and any other requested information if it is not already filled in.  If you do not agree with the number of work weeks shown, please submit with your claim form any information you have that shows a different number of weeks worked as a department supervisor.  Any disputes related to the number of weeks worked will be resolved by the settlement administrator and the decision of the settlement administrator will be final and binding.  If you wish to have confirmation that the settlement administrator has received your claim form, send it to the settlement administrator by certified U.S. mail with a return-receipt request.

18.    If you are a class member and you do not elect to exclude yourself from the settlement in the manner described in paragraph 20, below, you will be bound by all of the provisions of the

6

settlement, including a full release of claims that will prevent you from separately suing Home Depot for the matters being settled in this action (see paragraph 15).

19.     ANY CLASS MEMBER WHO DOES NOT SUBMIT A TIMELY AND VALID CLAIM FORM WILL NOT RECEIVE A SHARE OF THE SETTLEMENT.  IF YOU DO NOTHING — THAT IS, IF YOU DO NOT MAIL OR DELIVER A TIMELY AND VALID CLAIM FORM — YOU WILL NOT BE ENTITLED TO A SHARE OF THE SETTLEMENT AWARD.  HOWEVER, YOU WILL BE BOUND BY THE TERMS OF THE SETTLEMENT, INCLUDING THE RELEASE.

## PROCEDURE FOR EXCLUDING YOURSELF FROM THE SETTLEMENT

20.     Class members may exclude themselves ("opt-out") from the settlement by submitting a written exclusion request to the settlement administrator by certified mail to Home Depot Mileage Reimbursement Settlement c/o Gilardi & Co. LLC, P.O. Box 6002, Larkspur, CA 94977-6002 on or before June 16, 2014.  To opt out, your written statement must include your name, address, telephone number, and last four digits of your social security number.  Opt-out requests that do not include all required information, or that are not submitted timely, will be disregarded.  Persons who submit valid opt-out requests will not participate in the settlement and will not be bound by either the settlement or the judgment.

## PROCEDURE FOR OBJECTING TO THE SETTLEMENT

21.     If you are a class member and believe that the settlement should not be finally approved by the Court for any reason, such as you object to the proposed enhancement payments to the named plaintiffs or attorney's fees and expenses award, and want the Court to consider your objection, then on or before July 1, 2014, you must file a written objection, in which you state the basis of your objection, with the Court, located at 1301 Clay Street, Oakland, CA 94612.

22.     You may also appear at the final approval hearing scheduled for 9:00 a.m. on July 30, 2014, in Courtroom 3 of the United States District Court for the Northern District of California, located at 1301 Clay Street, Oakland, CA 94612, to have your objection heard by the Court.  The Court will not consider objections not previously filed in writing in a timely manner as described above.  If you object to the settlement, you will remain a member of the settlement class, and if the Court approves the settlement, you will be bound by the terms of the settlement in the same way as class members who do not object, unless you have opted out of the settlement in the manner described in paragraph 20, above.

23.     Any member of the class who does not object in the manner provided above will have waived any objection to the settlement, whether by appeal or otherwise.

## HEARING ON THE SETTLEMENT

24.     You are *not* required to attend the final approval hearing.

25.    You may object, personally or through an attorney, to the settlement by mailing your objection and following the procedures outlined in paragraphs 21-22, above.

26.    Any class member who does not object in the manner provided above will be deemed to have approved the settlement and waived such objections and will be forever foreclosed from making any objections (by appeal or otherwise) to the settlement.

## CHANGE OF ADDRESS

27.    If you move after receiving this Notice, if it was misaddressed, or if for any reason you want your payment or future correspondence concerning this action and the settlement to be sent to a different address, you should send your current preferred address to the Settlement Administrator listed in paragraph 17.

## ADDITIONAL INFORMATION

28.    This Notice is only a summary of the action and the settlement.  For more detail, you may review the pleadings, Settlement Agreement, and other papers filed in the action, which may be inspected at the Records Office of the United States District Court for the Northern District of California, located at 1301 Clay Street, Oakland, CA 94612, during regular business hours of each court day, or through the Court's website.

29.    All inquiries by class members regarding this Notice and/or the settlement should be directed to the settlement administrator or any of the Class Counsel listed in paragraph 12.

PLEASE DO NOT CONTACT THE CLERK OF THE COURT, THE JUDGE, OR HOME DEPOT'S ATTORNEYS WITH INQUIRIES.

EXHIBIT B

CLAIM FORM
*Eichelberger v. Home Depot U.S.A., Inc.*
United States District Court, Northern District of California
Case No. C 13 0260 PJH

THE DEADLINE FOR SUBMITTING THIS FORM IS [INSERT DATE 60 DAYS FROM MAILING OF NOTICE].

I.  CLAIMANT IDENTIFICATION

  <<First>> <<Last>>
  <<Address1>>
  <<Address2>>
  <<City>> <<State>> <Zip>>

Please make any name/address corrections below:

_____
_
_____
_
_____
_

II.  GENERAL INFORMATION

If you were employed by Home Depot U.S.A., Inc. ("Home Depot") as a department supervisor in California between November 4, 2009 and _____, 2014 [the date an order by the Court is entered preliminarily approving the Agreement], were required to use your personal vehicle for the benefit of Home Depot to perform work-related duties as a department supervisor, *and* were not reimbursed for all of your mileage, you may be eligible to participate in the settlement of the class action, *Eichelberger et al. v. Home Depot U.S.A., Inc.*, No. C 13 0260 PJH, United States District Court for the Northern District of California.

In order to receive money under the settlement, you must sign and return this claim form by first-class mail, postmarked no later than _____, 2014 [60 days from mailing]**,** to the following address:

Home Depot Mileage Reimbursement Settlement
c/o Gilardi & Co. LLC
P.O. Box 1110
Corte Madera, CA 94976-1110
Telephone: (877) 261-5521

If you fail to submit your claim form by that date, your claim will be rejected and you will not receive any money in connection with the settlement (although you will be bound by the other provisions of the Agreement approved by the Court).  A claim form will be deemed submitted when it is sent by first class mail and postmarked.  If you want proof that you submitted a claim form, please send the claim form by U.S. Certified Mail with a return receipt requested.

1

A form W-9 is enclosed.  Please complete this form and return it with your completed claim form to the above address.

## III.   YOUR CLAIM INFORMATION

Payment shares of the settlement are allocated based on the number of weeks you worked for Home Depot as a department supervisor in California from November 4, 2009 to _____, 2014 [the date an order by the Court is entered preliminarily approving the Agreement].  Based on records maintained by Home Depot, you worked *** such weeks.  The entire settlement class worked **,*** such weeks.

## IV.   RELEASE OF CLAIMS

On behalf of myself, my heirs, descendants, dependents, executors, administrators, assigns, and successors, I hereby fully and finally release and discharge Home Depot, its prior and present subsidiaries and affiliates, and their respective prior and present predecessors, successors, assigns, representatives, officers, directors, agents, and employees (collectively "Home Depot") from any and all claims and rights that they may have, whether now known or unknown, suspected or unsuspected, as of the date an order is entered preliminarily approving the settlement, including all claims alleged in the Complaint for violations of section 2802 of the California Labor Code, section 17200, *et seq.* of the California Business and Professions Code, and the California Labor Code Private Attorneys General Act of 2004 ("PAGA"), and/or that could have been alleged by plaintiffs based upon the facts and circumstances asserted in their Complaint, including all claims for attorney's fees, costs, penalties, and interest from November 2009 through the date the Court enters an order finally approving the settlement (collectively "released claims").

In addition, I waive any and all rights and benefits under section 1542 of the California Civil Code with respect to the released claims, which states as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Thus, subject to and in accordance with the provisions of the Agreement, even if I hereafter may discover facts in addition to or different from those which I now know or believe to be true with respect to any or all of the released claims (including unknown claims), I will be deemed by operation of the judgment to have fully, finally, and forever released, relinquished, resolved, discharged, and settled any and all of the released claims (including unknown claims), suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or have existed upon any theory of law or equity now existing or coming into existence in the future, including but not limited to conduct which is negligent, intentional, with

or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts.

I have received the notice of preliminary approval of the settlement ("class notice"). I submit this claim form under the terms of the proposed settlement described in the class notice. I also submit to the jurisdiction of the District Court with respect to my claim as a settlement class member and for purposes of enforcing the release of claims stated in the Agreement and class notice. The full and precise terms of the proposed settlement are contained in the Agreement filed with the Court. I further acknowledge that I am bound by the terms of any judgment that may be entered in this class action. I agree to furnish additional information to support this claim if required to do so. If I am the executor and/or heir of a settlement class member or a representative of a settlement class member, I have provided appropriate documentation about the capacity in which I am submitting this claim form on separate sheets attached.

## V.   CERTIFICATION OF ELIGIBILITY

Only settlement class members required to use their personal vehicle for the benefit of Home Depot to perform work-related duties as a department supervisor in California from November 4, 2009 to _____, 2014, [date an order by the Court is entered preliminarily approving the Agreement] and who were not reimbursed for all mileage, are eligible to participate in this settlement. By signing below, you are attesting to the truth of the following statements under penalty of perjury (a criminal offense for making a false statement):

     A.    You were required to use your personal vehicle for the benefit of Home Depot to perform work-related duties as a department supervisor in California from November 4, 2009 to _____, 2014 [date an order by the Court is entered preliminarily approving the Agreement]; and

     B.    You were not reimbursed for all your mileage for performing work-related duties as a department supervisor.

I certify, swear, or affirm under penalty of perjury under the laws of the State of California, that it was necessary for me to use my personal vehicle for the benefit of Home Depot to perform work-related duties as a department supervisor in California during the period November 4, 2009 to [date of order preliminarily approving the Agreement] and I was not reimbursed for all of my mileage.

I further declare under penalty of perjury and under the laws of the State of California that the foregoing information is true and accurate, I have read and understand the class notice that was mailed with this claim form, and agree to abide by the terms of the notice and this claim form.


Executed this __day of _____, 2014.    _____

                                                   (Signature)